# Merchants' Trust Company, Appellant, *v.* Real Estate Trust Company.

*Corporations—Foreclosure—Trustee—Excessive payment to trustee—Remedy —Equity—Citation to file account.*

Where, in foreclosure proceedings, a trustee in a corporate mortgage is alleged to have received more than was proper, the remedy against the trustee is not by a bill in equity for an accounting, but by a petition under the Act of June 14, 1836, P. L. 628, for a citation to file an account.

Argued March 19, 1906. Appeal, No. 97, Jan. T., 1905, by plaintiff, from decree of C. P. No. 3, Phila. Co., March T., 1904, No. 3,646, dismissing bill in equity in case of The Merchants' Trust Company, substituted trustee under the Great Eastern Seaboard Coal Mining Company's Mortgage or Deed of Trust, dated October 1, 1900, v. The Real Estate Trust Company of Philadelphia, Individually and as Trustee under the Raystown Branch Coal Company's Mortgage or Deed of Trust, dated December 1, 1890, et al. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Bill in equity for an account.

A demurrer was filed on the ground that the plaintiff had an adequate remedy at law.

The court in an opinion by VON MOSCHZISKER, J., sustained the demurrer and dismissed the bill.

*Error assigned* was decree dismissing the bill.

*John B. Uhle,* for appellant, cited : Bierbower's Appeal, 107 Pa. 14 ; Johnston v. Price, 172 Pa. 427 ; Steigerwalt v. Smeych, 9 Pa. Superior 363.

*Joseph de F. Junkin,* for Real Estate Trust Company.

*F. C. Newbourg, Jr.,* for Raystown Branch Coal Company.

OPINION BY MR. JUSTICE BROWN, April 16, 1906 :

On December 1, 1890, the Raystown Branch Coal Company issued its bonds to the amount of $75,000, bearing interest at the rate of six per centum per annum, and to secure their payment executed a mortgage on its coal lands in Bedford county

to the Real Estate Trust Company of Philadelphia as trustee for the bondholders.   Subsequently this coal company conveyed the said lands to the Great Eastern Seaboard Coal Mining Company which issued its bonds to the amount of $300,000, bearing interest at the rate of five per centum per annum, and executed a mortgage on the lands to the Commonwealth Title Insurance and Trust Company as trustee for the bondholders.   This company having resigned as trustee on September 8, 1903, the Merchants' Trust Company of Philadelphia, the appellant, was substituted as trustee.   After the sale of the coal lands to the Great Eastern Seaboard Coal Mining Company, subject to the first mortgage given to the Real Estate Trust Company as trustee, there was default in the payment of the interest on the bonds issued by the Raystown Branch Coal Company.   The Real Estate Trust Company issued a sci. fa. on the mortgage given to it, with notice to the Great Eastern Seaboard Coal Mining Company as terre tenant.   Judgment was taken for $135,132.37—the principal of the bonds, interest accrued and attorney's commissions.   On a levari facias issued on this judgment the mortgaged lands were sold, and the sheriff of Bedford county paid over the proceeds to the Real Estate Trust Company as trustee. Complaining that the assessment of damages in the foreclosure proceedings was incorrect, that illegal, compound and usurious interest was charged, and that the counsel fee for the foreclosure was excessive and more than should have been allowed, the appellant filed this bill, praying " that the true sum remaining out of the proceeds of the said sheriff's sale after paying attorney's commissions, costs, charges, judgments, liens and amounts due on the mortgage of the Raystown Branch Coal Company, as may appear just and legal, be ascertained and be decreed to be paid by the Real Estate Trust Company to your orator or to such bondholders of the Great Eastern Seaboard Coal Mining Company as may appear entitled thereto after the payment of your orator's charges, expenses and counsel fee in the performance" of the trust.   On demurrer filed to the bill, it was dismissed, for the reason that the appellant had an adequate remedy at law under the acts of assembly relating to the accounts of trustees.

We have stated all the facts appearing in the bill that are material in determining whether it was properly dismissed.

It is perfectly clear that it was. If the appellant was entitled to receive the surplus of the proceeds of the sale of the property after the payment of the amount actually due the holders of the bonds issued by the Raystown Branch Coal Company, it could have asked for an order on the sheriff of Bedford county to pay the money into court, where, before an auditor appointed to distribute the same, all parties in interest could have been heard, and the fund would have been awarded to those entitled to it. But this, the ordinary and usual step, was not taken by the appellant. It filed this bill, asking that the surplus remaining after the payment of the amount due on the mortgage of the Raystown Branch Coal Company be paid to it or the bondholders of the Great Eastern Seaboard Coal Mining Company, for whom it is trustee. These parties may not, as appellant seems to assume, be entitled to the surplus in the hands of the Real Estate Trust Company, and a decree awarding the same to them might be in prejudice of other rights. As to this the learned judge most properly said: " Grave injustice might be inflicted by granting the relief under the prayers of the present bill and awarding any balance which might be judicially ascertained to the plaintiff therein without regard to other probable existing interests entitled to share in such distribution." But, be this as it may, the statute points out the way in which the appellant can reach any money in the hands of the Real Estate Trust Company to which it is entitled, and that way must be followed. Opportunity was given by the learned judge below to follow it, and the decree dismissing the bill was withheld for thirty days, that, in the interval, the complainant might so amend it as to bring it within the terms of the nineteenth section of the Act of June 14, 1836, P. L. 628, by making it a " bill or petition" for a citation to the trustee to file its account. The filing of an account would have been followed by a distribution, after due notice to all interested in the fund, and to those entitled to it it would have been awarded. The appellant, however, did not avail itself of the opportunity so given to call the Real Estate Trust Company to account for the purpose of having the funds in its hands properly distributed, and nothing remained for the court below except to dismiss the bill. The decree doing so is affirmed at the cost of appellant.